IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH HINTON, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-19-3088 |
| JUDITH BETH JONES, | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

Self-represented Plaintiff Kenneth Hinton, an inmate currently confined at the Maryland Correctional Training Center in Hagerstown, Maryland filed the above-captioned civil rights complaint pursuant to 42 U.S.C. § 1983 ECF No. 1. Hinton alleges that Judith Beth Jones, the public defender assigned to represent him during his state post-conviction proceedings failed to properly prepare for his proceedings. *Id*. Hinton seeks compensatory and punitive damages. *Id*.

Hinton filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which shall be granted. For the reasons stated herein the complaint must be dismissed.

This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Plaintiff's claims against his public defender may not proceed. A defense attorney is not a state actor and therefore cannot be sued for an alleged violation of constitutional rights. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In addition, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty v. Dodson*, 454 U.S. 312, 453-54 (1981). While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy). Hinton has not provided any facts from which a reasonable person might conclude that there was a common design and purpose between his public defender and any state official to deprive him of his constitutional rights. Thus, Hinton's complaint must be dismissed for failure to state a claim upon which relief may be granted.

Hinton is advised that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate order dismissing the complaint follows.

  8/29/2020                                  /s/
Date                                         GEORGE J. HAZEL
                                             UNITED STATES DISTRICT JUDGE